UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RHONDA BLANDFORD,  Plaintiff,

v.  Civil Action No. 3:23-cv-192-DJH

UOFL HEALTH, INC. and UNIVERSITY
OF LOUISVILLE PHYSICIANS, INC.,  Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter arises from allegations that Defendants UofL Health, Inc. and University of Louisville Physicians, Inc. improperly leaked patients' private information. (Docket No. 1-1) Plaintiff Rhonda Blandford initiated this class-action lawsuit in Kentucky state court on behalf of herself and a class comprising "[a]ll citizens of Kentucky whose [personal identifying information (PII)] and [protected health information (PHI)] was collected and transmitted by the Defendants to an unauthorized party," claiming that Defendants "failed to properly inform [their] patients . . . that [the] PII and/or PHI was being transferred." (*Id.*, PageID.30, 37 ¶¶ 57, 90)

Blandford asserts several state-law claims, including negligence (Count I); negligence per se (Count II); invasion of privacy, intrusion upon seclusion (Count III); breach of implied contract (Count IV); unjust enrichment (Count V); breach of fiduciary duty (Count VI); violations of the Kentucky Consumer Protection Act (Count VII); and violations of Ky. Rev. Stat. § 365.732, which concerns mandated data-breach disclosures (Count VIII). (*Id.*, PageID.39–56 ¶¶ 95–202) Defendants removed the action to this Court, arguing that subject-matter jurisdiction exists under 28 U.S.C. § 1442(a)(1)—the federal-officer removal statute. (D.N. 1, PageID.4 ¶ 8) In the alternative, Defendants assert that "this action is removable under 28 U.S.C. § 1331." (*Id.* ¶ 9 (citing *Gunn v. Minton*, 568 U.S. 251, 258 (2013))) Blandford seeks remand, maintaining that

subject-matter jurisdiction is lacking and seeking an award of attorney fees pursuant to 28 U.S.C. § 1447(c). (D.N. 16) The Court heard oral argument on the motion on May 8, 2024. (D.N. 51) After careful consideration, the Court will remand the matter but deny Blandford's request for attorney fees for the reasons explained below.

## I.

The following facts are set forth in the complaint and notice of removal and are accepted as true for purposes of the present motion. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citation omitted). As healthcare providers, UofL Health, Inc. and University of Louisville Physicians, Inc. "collect and store . . . highly sensitive" PII and PHI.[1] (D.N. 1-1, PageID.20–21 ¶¶ 15, 18) The federal government's Promoting Interoperability Program (PIP) encourages this practice: under PIP, providers receive "incentive payments if they can reach a certain level of engagement with [their] electronic health record use through [a] patient portal."[2] (*See* D.N. 1, PageID.6–7 ¶¶ 14–19) Thus, providers collect patients' and visitors' "names, address[es], birth dates, insurance information, medical record numbers, patient account numbers, physician names, dates of services, diagnoses, treatment information, driver's license numbers, and Social Security numbers," storing the information on their patient portal to facilitate PIP compliance. (*See* D.N. 1-1, PageID.20 ¶ 19)

"[T]o optimize individual engagement with the [patient] portal" and fulfill PIP's stated objective (*see* D.N. 1, PageID.6–8 ¶¶ 15–24), Defendants put "a piece of code" known as "the Meta Pixel . . . on [their] website" and patient portal. (*Id.*, PageID.23, 28 ¶¶ 27, 42) The Meta

---

[1] Although Defendants are separate entities, the complaint refers to them collectively as "UofL Health." (*See* D.N. 1-1, PageID.17)
[2] PIP was originally called the Meaningful Use program.

2

Pixel helps website owners "measure the effectiveness of [their] advertising by understanding the actions people take on [the owner's] website." (*Id.*, PageID.23 ¶¶ 27–28)

While treating Plaintiff Rhonda Blandford's minor daughter, Defendants obtained the child's PHI and PII for patient-portal purposes and allegedly allowed the Meta Pixel to transfer the information "to Facebook," a third party, without consent or authorization. (*Id.*, PageID.28–30 ¶¶ 42, 47–48, 52–57) Blandford subsequently instituted this class-action suit against Defendants in state court, asserting Kentucky statutory claims and common-law claims of negligence, negligence per se, invasion of privacy, breach of implied contract, unjust enrichment, and breach of fiduciary duty. (*Id.*, PageID.39–56 ¶¶ 95–202) Defendants then removed the case to this Court, arguing that removal is proper under both the federal-officer removal statute and the substantial-federal-question doctrine. (*Id.*, PageID.8–14 ¶¶ 25–48) Blandford now moves for remand and requests attorney fees pursuant to 28 U.S.C. § 1447(c).[3] (D.N. 16; D.N. 16-1)

## II.

**A.     Motion for Remand**

In considering a motion to remand, the Court must "determine whether the action was properly removed in the first place." *Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 495 (6th Cir. 2016) (quoting *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)). "Only state-court actions that originally could have been filed in federal court may be removed." *Friedman v. Montefiore*, No. 22-3703, 2023 WL 4536084, at *2 (6th Cir. July 13, 2023) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The removing party "bear[s] the burden of establishing federal court jurisdiction," *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017)

---

[3] While the motion was pending, Blandford submitted various supplemental authorities to refute the existence of federal-officer jurisdiction (*see* D.N. 25; D.N. 27; D.N. 29; D.N. 31; D.N. 32; D.N. 34; D.N. 36; D.N. 37; D.N. 41; D.N. 52), which the Court has reviewed.

(citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)), and "all 'doubts as to the propriety of removal are resolved in favor of remand.'" *Humana, Inc. v. Lundbeck, Inc.*, No. 3:23-CV-348-RGJ, 2023 WL 8085846, at *1 (W.D. Ky. Nov. 21, 2023) (quoting *Smith v. Nationwide Prop. & Cas. Co.*, 505 F.3d 401, 405 (6th Cir. 2007)). Here, Defendants assert that this action is removable under the federal-officer removal statute and the substantial-federal-question doctrine. (D.N. 1, PageID.4 ¶ 9 (citing *Gunn*, 568 U.S. at 258); D.N. 21, PageID.163–64) The Court reviews each alleged basis for jurisdiction in turn.

1. **Federal-Officer Jurisdiction**

Defendants first argue that jurisdiction exists under the federal-officer removal statute, § 1442(a)(1) (D.N. 1, PageID.4 ¶ 8), which permits removal of state-court suits against

> [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.[4]

§ 1442(a)(1). Here, it is undisputed that Defendants are not federal officers; therefore, they "must satisfy three requirements in order to invoke the federal-officer removal statute: (1) the[y] must establish that they acted under a federal officer, (2) those actions must have been performed under color of federal office, and (3) the[y] must raise a colorable federal defense." *Mays*, 871 F.3d at 442–43 (citing *Bennett*, 607 F.3d at 1085).

The first prong—the acting-under prong—turns on whether the removing party's and the federal government's relationship "involves 'subjection, guidance, or control.'" *Id.* at 444 (quoting *Watson v. Phillip Morris Cos., Inc.*, 551 U.S. 142, 151 (2007)). Mere compliance and "[t]he receipt

---

[4] Defendants are "persons" for purposes of the statute: "[t]he plain language of § 1442 does not exclude corporations[, and the statutory] text covers 'non-natural entities, such as the United States and its agencies.'" *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010) (collecting cases).

4

of federal funding alone" are insufficient, *see id.* at 444–46 (citing *Watson*, 551 U.S. at 156); rather, "the private party [must] perform[] a role the government would otherwise need to perform but for the private party's assistance." *Doe v. Christ Hosp.*, Nos. 1:23-CV-27; 1:23-CV-31; 1:23-CV-87, 2023 WL 4757598, at *7 (S.D. Ohio July 26, 2023) (citing *Ohio State Chiropractic Ass'n v. Humana Health Plan Inc.*, 647 F. App'x 619, 623 (6th Cir. 2016)). Specifically, courts often look for "a contract, delegation of legal authority, employer/employee relationship, or some other indicia of a principal/agent relationship between the federal officer and the private actor" in determining whether the prong is fulfilled. *Id.* (citing *Mays*, 871 F.3d at 444–45).

*Christ Hospital* is instructive. *See* 2023 WL 4757598. In that case, a hospital placed the Meta Pixel on its patient portal, prompting from patients whose private medical information as allegedly leaked. *Id.* at *1 (footnote omitted). Like Defendants here, the hospital subsequently removed the case, claiming federal-officer jurisdiction and asserting that it used the Meta Pixel to comply with PIP. *Id.* at *6.

The *Christ Hospital* court noted that "the federal government established" PIP; that the federal government used PIP to "incentivize[] private healthcare providers who expanded patients' abilities to access their health records electronically"; that "[t]he National Coordinator issued guidance recommending that patient information portals be engaging and user friendly to increase usage"; and that "[b]efore receiving the payments, healthcare providers submitted documentation reporting the provider's compliance with the program." *Id.* at *6 (citations and internal quotation marks omitted). These facts did not satisfy the acting-under prong, however, because they "[d]id not necessarily evince the principal/agent relationship needed for [federal-officer] removal." *Id.* at *9 (citing *Mays*, 871 F.3d at 444).

5

Moreover, "the [h]ospital identified no federal contract []or express delegation of federal authority"; it "voluntarily participate[d] in" PIP; and there was "[n]o evidence show[ing] that" the federal government "would establish an online health interface if the [h]ospital and other healthcare providers chose not to participate." *Id.* at *8. Although "the [h]ospital acted in the public interest" by participating in the program, the court pointed out that such an action "isn't the same as acting under a federal officer." *Id.* (citing *Ohio State*, 647 F. App'x at 623–24 (noting that a private actor can help the government serve the public without performing a government task)). Ultimately, the court concluded that "without more evidence of a principal/agent relationship," federal-officer jurisdiction did not exist. *Id.* (collecting cases).

Like the defendant in *Christ Hospital*, Defendants here fail to identify any contract (*see* D.N. 21, PageID.149–50); they participate in PIP voluntarily (*see id.*, PageID.156); and they fail to provide evidence that the government "would establish an online health interface if . . . [they] chose not to participate." *Christ Hosp.*, 2023 WL 4757598, at *8. (*See* D.N. 21, PageID.155–57) Thus, there is insufficient "evidence of a principal/agent relationship," and removal pursuant to § 1442(a)(1) is inappropriate. *See Christ Hosp.*, 2023 WL 4757598, at *8.

Defendants urge the Court to instead follow *Doe v. ProMedica Health System, Inc.*, No. 3:20 CV 1581, 2020 WL 7705627 (N.D. Ohio Oct. 30, 2020), which found removal proper under factually indistinguishable circumstances. (D.N. 21, PageID.152) *ProMedica*, however, relied on *Doe v. UPMC*, No. 2:20-CV-359, 2020 WL 4381675, at *6 (W.D. Pa. July 31, 2020), to conclude that PIP participation "satisf[ied] the 'acting under' requirement." 2020 WL 7705627, at *2 (quoting *UPMC*, 2020 WL 4381675, at *6). And the Third Circuit recently rejected *UPMC*'s holding, *see Mohr v. Trs. of Univ. of Pa.*, 93 F.4th 100, 106 (3d Cir. 2024), rendering *ProMedica* unpersuasive. *Compare*

6

2020 WL 7705627, at *2, *with* 2023 WL 4757598, at *8–9. In sum, Defendants were not acting under a federal officer; therefore, § 1442(a) does not provide a ground for removal here.

### 2. Federal-Question Jurisdiction

Defendants further assert that jurisdiction exists under the substantial-federal-question doctrine. (*See* D.N. 1, PageID.12–13 ¶¶ 43–47) Typically, a "case may be removed to federal court if the plaintiff['s] allegations 'aris[e] under the Constitution, laws, or treaties of the United States,'" thus presenting a federal question.[5] *Fried v. Sanders*, 783 F. App'x 532, 534 (6th Cir. 2019) (second alteration in original) (quoting § 1331). But "the Supreme Court has recognized 'another longstanding, if less frequently encountered, variety of federal [question] jurisdiction'—claims that arise under state law, but nonetheless implicate a substantial federal issue." *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). "The [so-called] substantial-federal-question doctrine has three parts: (1) the state-law claim must necessarily raise a disputed federal issue; (2) the federal interest in the issue must be substantial; and (3) the exercise of jurisdiction must not disturb any congressionally approved balance of federal and state judicial responsibilities." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007) (en banc) (citing *Grable*, 545 U.S. at 314).

In analyzing whether a claim necessarily raises a disputed federal issue, "the Sixth Circuit has noted [that] 'there is not federal question jurisdiction when the complaint on its face states alternate theories supporting a state-law claim, at least one of which does not involve a federal question.'" *White v. Scotty's Contracting & Stones, LLC*, No. 1:21-CV-161-GNS, 2022 WL 4588417, at *3 (W.D. Ky. Sept. 29, 2022) (quoting *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754,

---

[5] That is not the case here: Defendants concede that Blandford's "[c]omplaint only asserts state-law claims." (D.N. 1, PageID.13 ¶ 44)

7

760 (6th Cir. 2000)). Thus, "a federal question is not 'necessarily raised' or 'actually disputed' [here] if [Blandford] could potentially recover . . . without a determination of whether Defendants' conduct violated any federal . . . statute." *Williams v. Hung*, No. 1:23-CV-295, 2023 WL 2789296, at *3 (N.D. Ohio Apr. 5, 2023).

Blandford asserts solely state-law claims (*see* D.N. 1-1, PageID.39–56 ¶¶ 95–202), but Defendants argue that she "'necessarily raise[s]' a disputed federal issue" because she alleges FTC Act and HIPAA violations. (D.N. 21, PageID.163 (alteration in original)) Only Count II—Blandford's negligence-per-se claim—implicates either federal statute. (*See* D.N. 1-1, PageID.39–56 ¶¶ 95–202) Specifically, Blandford asserts that "Defendants' failure to comply with applicable laws and regulations, including the FTC Act[ and HIPAA], constitutes negligence per se." (*Id.* at PageID.43–44 ¶¶ 116–121 (emphasis removed)) Kentucky's negligence-per-se statute provides that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation." *McCarty v. Covol Fuels No. 2, LLC*, 476 S.W.3d 224, 227 (Ky. 2015) (quoting Ky. Rev. Stat. § 446.070). The "any statute" language is misleading, however: the claim must be based on the violation of a Kentucky statute, not a federal statute. *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 534 (Ky. 2011) ("Violations of federal laws and regulations . . . do not create a cause of action based on KRS 446.070." (citing *T&M Jewelry, Inc. v. Hicks ex rel. Hicks*, 189 S.W.3d 526, 530 (Ky. 2006))); *e.g.*, *Young v. Carran*, 289 S.W.3d 586, 588–89 (Ky. Ct. App. 2008) (concluding that a HIPAA violation is not a proper ground for a § 446.070 claim). In light of this precedent, Count II "does not require any application or interpretation of the" FTC Act or HIPAA because violations of those statutes do not give rise to negligence-per-se claims under Kentucky law. *CPC Livestock, LLC v. Fifth Third Bank, Inc.*, 495 B.R. 332, 346 (W.D. Ky. 2013) (collecting cases); *see Tusa v. Schomp*, No. 6:22-CV-118-REW-HAI, 2022 WL 18502874, at *2

(E.D. Ky. Nov. 3, 2022) ("A plaintiff may reference federal statutes and regulations simply to establish the relevant standard of care and to allege the defendant breached that duty of care." (cleaned up) (quoting *Shawver v. Bradford Square Nursing, LLC*, No. 3:08-CV-12-DCR, 2008 WL 2355803, at *5 (E.D. Ky. June 5, 2008))). Instead, Count II turns on whether Defendants violated any other "applicable laws and regulations" (D.N. 1-1, PageID.44 ¶ 12), which the Court will assume contemplates Kentucky statutes because "all 'doubts as to the propriety of removal are resolved in favor of remand.'" *Humana, Inc.*, 2023 WL 8085846, at *1 (quoting *Smith*, 505 F.3d at 405). Blandford's "complaint on its face [therefore] states alternate theories supporting a state-law claim," *see White*, 2022 WL 4588417, at *3 (quoting *Long*, 201 F.3d at 760); "a federal question is not 'necessarily raised' or 'actually disputed,'" *Williams*, 2023 WL 2789296, at *3; and remand is required.

**B.     Motion for Attorney Fees**

Blandford also requests an award of attorney fees under § 1447(c). (D.N. 16-1, PageID.131) Section 1447(c) provides: "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). Such an award is proper "only where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005), such as when "well-settled precedent" establishes that removal is improper. *See A Forever Recovery, Inc. v. Twp. of Pennfield*, 606 F. App'x 279, 280 (6th Cir. 2015). In other words, "where the defendant's attempt to remove the action was 'fairly supportable,'" a § 1447(c) award is inappropriate. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913–147 (6th Cir. 2007) (quoting *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005)).

Defendants removed this case on April 17, 2023. (*See* D.N. 1) At that time, the Sixth Circuit lacked precedent on whether the facts presented here gave rise to federal-officer jurisdiction, "[a]nd at least two district courts—including one district court in th[is] Circuit—ha[d] concluded that removal in this context may be appropriate." Mem. Op. and Ord. Remanding Action at 6, *Doe v. Univ. Health Sys., Inc.*, No. 3:23-CV-357-KAC-DCP (E.D. Tenn. February 22, 2024), ECF No. 35; *e.g.*, *ProMedica*, 2020 WL 7705627, at *3 (reaching that conclusion); *UPMC*, 2020 WL 4381675, at *7 (same). While other courts have since remanded cases presenting nearly identical circumstances, *e.g.*, *Mohr*, 93 F.4th at 106; *Doe v. BJC Health Sys.*, 89 F.4th 1037, 1047 (8th Cir. 2023); *Doe v. Gundersen Lutheran Health Sys., Inc.*, No. 23-CV-694-WMC, 2024 WL 489327, at *4 (W.D. Wis. Feb. 8, 2024); *Doe v. Washington Twp. Health Care Dist.*, No. 23-CV-5016-SI, 2023 WL 8438564, at *6 (N.D. Cal. Dec. 5, 2023); *Doe v. SSM Health Care Corp.*, No. 4:23-CV-22-SRC, 2023 WL 5662099, at *8 (E.D. Mo. Aug. 22, 2023); *Christ Hosp.*, 2023 WL 4757598, at *9; *Doe v. UMass Mem'l Health Care, Inc.*, No. 22-CV-12022-ADB, 2023 WL 4538239, at *5 (D. Mass. July 13, 2023); *Martin v. LCMC Health Holdings*, No. 23-411, 2023 WL 4540547, at *6 (E.D. La. July 5, 2023), there was no well-settled precedent when Defendants removed this case, giving them "an objectively reasonable basis" for removal. *See Chase Manhattan*, 507 F.3d at 914. Thus, an award of attorney fees is inappropriate here because Defendants' argument for removal "was 'fairly supportable.'" *See Martin*, 546 U.S. at 141; *Chase Manhattan*, 507 F.3d at 913.

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Blandford's motion to remand (D.N. 16) is **GRANTED** in part and **DENIED** in part. It is **GRANTED** as to her request for remand. It is **DENIED** as to her request for attorney fees under § 1447(c).

(2) This case is **REMANDED** to Jefferson Circuit Court pursuant to 28 U.S.C. § 1447(c) and **STRICKEN** from this Court's active docket.

July 1, 2024

David J. Hale, Judge
United States District Court